IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:13-CV-52-FL

| | |
|---|---|
| LIFE INSURANCE COMPANY OF NORTH AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BILLIE FAYE HAYWOOD and TERRY L. FERRELL, )<br>)<br>Defendants. ) | ORDER |

This matter comes before the court on plaintiff's motions, filed as one document on August 28, 2013, for discharge from further liability, permanent injunction, attorneys' fees and costs, and dismissal, and plaintiff's request for exemption from the Rule 26(f) conference. In prior order the court found good cause to stay the Rule 26(f) conference until the motions are resolved. No responses have been received, and the issues raised now are ripe for determination.

## BACKGROUND

For the limited purpose of deciding plaintiff's motions, the court sets forth the relevant background of the case, to define the nature of the dispute and provide basis for the court's decision to relieve plaintiff of further obligations in litigation. This ERISA complaint in interpleader was filed March 26, 2013 by plaintiff insurance company, naming as defendants the widow of a decedent, and the decedent's girlfriend. The decedent participated in an ERISA-regulated employee welfare benefit program that was sponsored and maintained by his employer (Food Lion, LLC) and funded

by a group life insurance policy issued by the plaintiff. The decedent died August 20, 2012. At the time of his death, was enrolled under the plan for $60,500 in life insurance coverage.

The latest beneficiary designation for this policy lists the girlfriend as the sole primary beneficiary of the life insurance benefits. The previous designation on file listed the wife as the sole primary beneficiary. The wife, who purports she was separated but not divorced from the decedent at the time of death, was named as administrator of the decedent's estate. She called the plaintiff on September 5, 2012, inquiring about the status of benefits. When she was told she was not the beneficiary, she informed plaintiff that she was the administrator of the estate, that she was still legally married to the decedent, and that she would contest payment of the plan benefits to the girlfriend. The wife then submitted a claim for benefits under the policy and the plaintiff reports the parties have not reached an agreement about the two competing claims.

Plaintiff sought court action where it cannot determine the proper beneficiary without risking exposure to itself and asks that the court determine to whom the plan benefits should be paid. The funds at issue have been ordered to be deposited with the clerk. An initial order was entered July 29, 2013, but the initial scheduling activities have been stayed pending resolution of the instant motions, where the plaintiff bundled together its request to be discharged from this action, for permanent injunction, attorneys' fees, dismissal and for exemption from the Rule 26(f) conference. The court's July 29, 2013, order declined to determine if plaintiff would be exempt from participating in a Rule 26(f) conference. However, the court stayed further progress, as noted.

## COURT'S DISCUSSION

The court previously ordered its clerk to accept the check of plaintiff tendered in the amount of $60,500.00, plus any applicable interest, payable by reason of the death of Carlton C. Haywood under group life insurance policy number FLX-980170. For reasons noted by plaintiff, there appears no good cause for plaintiff to be maintained in this lawsuit where the conflict appears as between Billie Faye Haywood and Terry L. Ferrell, concerning competing claims to the subject insurance proceeds.

The court finds that plaintiff is a disinterested stakeholder, having fulfilled its contractual obligations by depositing that sum with the clerk, into the court's registry funds. Defendants are enjoined from prosecuting any action against plaintiff, the plan, or the decedent's former employer, Food Lion, LLC, related to the life insurance benefits payable as a consequence of the death of Carlton C. Haywood, except by way of interpleader in this action. Plaintiff is discharged from any and all further liability related to the insurance benefits at issue.

The court awards plaintiff the sum of $3,504.06, and the costs of the action in the amount of $362.20, said amounts to be paid to plaintiff by the clerk from the funds deposited. Plaintiff now is dismissed, with prejudice.

## CONCLUSION

In accordance with the foregoing, plaintiff's motions all are ALLOWED. Plaintiff, having been dismissed, has no obligation with regard to any conference activities, previously stayed. And now with reference to the court's Initial Order entered July 29, 2013, defendants are herein noticed that the court lifts its stay, and sets a new date of October 11, 2013, for submission of the parties' joint report and plan in preface to its entry of a case management order. Defendants, make reference

to that Initial Order, and see the court's local civil rules, a paper copy of which is available from the clerk or for viewing on the court's internet website.

SO ORDERED, this the 24th day of September, 2013.

LOUISE W. FLANAGAN
United States District Court Judge