IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:13-CV-52-FL

| | |
|---|---|
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) ORDER |
| BILLIE FAYE HAYWOOD and TERRY L. FERRELL, | )<br>)<br>) |
| Defendants. | ) |

This matter is before the court on defendant Billie Faye Haywood's ("Haywood") motion for default judgment, filed January 23, 2014. (DE 33). Defendant Terry L. Ferrell ("Ferrell") has not responded within the required period and the matter is ripe for consideration.

**BACKGROUND**

Plaintiff insurance company filed an ERISA complaint in interpleader on March 26, 2013, naming as defendants 1) Haywood, the widow of decedent, and 2) Ferrell, the decedent's girlfriend. Plaintiff sought court action because it could not determine the proper beneficiary of the decedent's life insurance policy without risking exposure to itself. The funds at issue, $60,566.06, were deposited with the clerk.

On September 24, 2013, the court granted plaintiff's motion for a discharge from further liability, permanent injunction, attorneys' fees and costs, and dismissal. The court awarded plaintiff $3,504.06, along with the costs of the action in the amount of $362.20, paid by the clerk from the

deposited funds, for a total of $3,866.26. The court set a date of October 11, 2013, for defendants to submit their joint report and plan in preface to entry of a case management order.

On October 15, 2013, defendant Haywood filed a "Discovery Plan" which the court subsequently recognized as a claim against defendant Ferrell. The court directed defendant Ferrell to respond within twenty-one (21) days. Defendant Ferrell did not respond.

On November 18, 2013, the clerk of court informed the court that it had contacted defendant Ferrell and learned that she had relocated to Wilmington, North Carolina. On November 19, 2013, the court issued an order directing the clerk to serve a copy of defendant Haywood's claim at both of defendant Ferrell's known addresses. The court gave defendant Ferrell fourteen (14) days to file and serve notice of her current address under Local Civil Rule 83.3, and twenty-one (21) days to respond to defendant Haywood's claim. It also gave defendant Ferrell notice that her failure to respond may result in an award in favor of defendant Haywood. Again, defendant Ferrell failed to respond.

Following receipt of a notice of appearance from defendant Haywood's counsel, the court issued an order December 19, 2013, permitting defendant Haywood to clarify the scope of relief requested in her claim. The court noted that defendant Ferrell had not responded to its earlier order, and granted defendant Ferrell an additional ten (10) days to file notice containing her current address information. Yet, defendant Ferrell did not respond. Defendant Haywood responded with the instant response and motion for default judgment on January 23, 2014, requesting the court to order the clerk issue "the funds deposited by [plaintiff], $60,566.06 and any interest thereon." (DE 33, p. 5). The following day, the clerk provided notice to defendant Ferrell of the motion for default,

2

and set a response deadline of February 18, 2014. Defendant Ferrell was warned that if no response was made, the court may grant the motion and enter judgment.

## DISCUSSION

Rule 55(a) provides that the clerk may enter default when a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). In cases where a party has appeared, the opposing party must apply to the court for a default judgment. Fed. R. Civ. P. 55(b)(2). Rule 55(b)(2) provides that the court may conduct hearings or make referrals on the motion, if it deems necessary. The court has reviewed the motion for default judgment and determined that a hearing is not necessary in this matter because the judgment sought may be fully considered on the record.

In light of defendant Ferrell's numerous failures to respond to court orders, along with her failure to respond to the instant motion for default judgment, the court finds she has failed to defend and that default judgment is warranted. However, the total sum defendant Haywood requests does not account for amounts earlier disbursed to plaintiff for attorneys' fees and the cost of action. The correct amount is the sum of $60,566.06, less the amount already disbursed to plaintiff ($3,866.26), for a total of $56,699.80.

To claim these funds, notice is provided that defendant Haywood will need to provide to the clerk proof of her identity, including a notarized statement with copy of a government issued identification card bearing her photograph, together with her current mailing address.

## CONCLUSION

For the reasons given, defendant Haywood's request for entry of default (DE 33) is allowed. In accordance with this order, the clerk is ORDERED to disburse the amount of $56,699.80 to

3

defendant Haywood. The check shall be made payable jointly to counsel and defendant Haywood.

The clerk is directed to close this case.

    SO ORDERED, this the 2nd day of April, 2014.

                                      _____
                                        LOUISE W. FLANAGAN
                                        United States District Judge